UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 06-63-DLB

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                         **REPORT AND RECOMMENDATION**

JOSEPH SMITH, III                                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On November 4, 2015, this matter came before the Court for an Initial Appearance on the United States Probation Office's Report that Defendant Joseph Smith, III had violated conditions of his supervised release. Defendant was present in Court and represented by James M. West; the Government was represented by Assistant United States Attorney Elaine K. Leonhard. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-06-cr-63-DLB-CJS-20151104-130047; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

Upon call of this matter at the Initial Appearance on Supervised Release Violations, the parties informed the Court that they had reached an agreement on the pending violations and were prepared to go forward with the revocation proceeding. Specifically, Defendant agreed to plead guilty to the violations as set forth in the September 28, 2015, Violation Report (R. 47), waive his right to allocute before the District Court and his right to appeal the sentence imposed by presiding District Judge Bunning provided the sentence does not exceed the recommendation of the undersigned. In exchange, the Government agreed to recommend a sentence of 12 months of

incarceration with a 48-month term of supervised release to follow that includes the same standard and special conditions of supervision as originally imposed. The parties further agreed to include certain additional special conditions of supervision as part of their agreed recommended sentence, specifically related to the Defendant's original Special Condition of Supervision that he "shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision." (R. 31, at 4, ¶ 1). As part of this new Judgment, Defendant's previously-imposed Special Conditions would be reimposed, with the Special Condition relating to substance abuse treatment to provide in more detailed language that Defendant, at the direction and discretion of his probation officer during the term of supervision, may be required to participate in a substance abuse treatment program that could include inpatient or outpatient treatment or a combination of treatment options. In addition, for up to the first 6 months of Defendant's supervision upon his release, Defendant would also be subject to electronic location monitoring at the direction and discretion of his probation officer, such location monitoring to be in the form of GPS monitoring combined with home detention.[1] For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced**

---

[1] At the initial appearance, the Court, counsel and the Probation Officer referred to the special condition of location monitoring, intended to assist Defendant with his transition back into the community and commitment to any initial substance abuse treatment programs initially imposed, as "electronic monitoring." On November 12, 2015, the Court held a further status conference in this matter to discuss with Defendant the details of that special condition to ensure that his understanding of electronic monitoring in this particular situation includes what the Court envisioned his electronic location monitoring would entail – namely, GPS monitoring coupled with home detention, for a period of up to 6 months following his release. At this further conference, Defendant acknowledged he now understands that electronic location monitoring will involve GPS monitoring and home detention requirements and that this will be a part of the recommended sentence agreed upon by him and the United States and to be recommended to the presiding District Judge. The United States also concurred with this agreed recommended sentence as clarified at the Status Conference.

**to a 12-month term of imprisonment, with a 48-month term of supervised release** to follow, which supervision shall include all standard and special conditions originally imposed, as well as additional language clarifying that his substance abuse treatment condition could include inpatient or outpatient treatment or a combination of treatment options and an additional special condition that he be subject to electronic location monitoring at the direction and discretion of his probation officer for up to the first 6 months of his supervision, such location monitoring to be in the form of GPS monitoring combined with home detention.

**I.    Procedural Background**

On December 12, 2006, Defendant pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possession of firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). (R. 22, 31). On March 16, 2007, the presiding District Judge entered Judgment, sentencing Defendant to a total term of imprisonment of 120 months with a 4-year term of supervised release to follow. (R. 29, 31).

On May 1, 2015, Defendant was released from prison to begin his term of supervision. (R. 38). Defendant stands before this Court charged with violations of his supervised release conditions. The charged violations were presented to the Court via the Probation Officer's September 28, 2015, Violation Report.[2] As discussed above, during the Initial Appearance for the supervised release violations, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to the violation, and the parties agreed on a recommended sentence of 12

---

[2]Upon referral of the presiding District Judge, the undersigned originally issued a summons for Defendant to appear on October 7, 2015, for the stated violations. Despite being served with the summons, Defendant failed to appear at the October 7, 2015, proceeding, and the undersigned issued an arrest warrant for him. (R. 43). Defendant was arrested on November 3, 2015.

months of incarceration with a 48-month term of supervision to follow. In addition, his term of supervision would include the conditions previously imposed, along with clarification of the previously-imposed special condition of participating in substance abuse treatment at the direction and discretion of the Probation Office, to provide that said treatment could include inpatient or outpatient treatment or a combination of treatment options. His term of supervision would also include the additional special condition that he, at the direction and discretion of his probation officer, be subject to electronic location monitoring comprised of GPS monitoring combined with home detention for up to the first 6 months of supervision.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violation set forth in the September 28, 2015, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

**Violation 1**:   The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.

On August 11, 2015 and September 4, 2015, Defendant submitted positive urinalysis samples for marijuana and cocaine.

**Violation 2**:   Special Condition: The defendant shall abstain from the use of alcohol.

On August 11, 2015, Defendant reported to the Probation Department, and Probation Officer Howard inquired about a Coors Light article Defendant sent her with a message that he hoped he did

4

not have cocaine in his system after drinking Coors Light. Defendant told Probation Officer Howard that there were reports that Coors Light is under investigation due to reports that it contains cocaine. Officer Howard reminded Defendant that one of his conditions of release is that he not drink alcohol.

**Violation 3**: The defendant shall not commit another Federal, state or local crime.

Defendant submitted two urine samples that both returned positive for marijuana and cocaine. Under Sixth Circuit precedent, use is equivalent to possession and therefore under the circumstances considered a violation of federal law, 21 U.S.C. § 844(a), given Defendant's history.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charges knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated conditions of his supervised release as charged. Defendant has waived his right to allocution, and he waived his right to appeal his sentence provided it does not exceed the undersigned's recommendation. The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.     Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offenses results in a maximum term of incarceration upon revocation of his supervised release of 5 years, the highest classification of his underlying offenses being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 8 to 14 months, based upon Defendant's criminal history category of III and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum

term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 12 months of incarceration with a 48-month term of supervised release to follow. In addition, the parties have agreed that Defendant's new term of supervision will include the standard and special conditions previously imposed along with two changes: 1) that the previous special condition for substance abuse treatment be reimposed but clarified to specify that treatment can include requiring his participation in inpatient or outpatient treatment or a combination of treatment options; and 2) an additional special condition that upon release of incarceration, at the direction and discretion of the Probation Office, Defendant may be placed on location monitoring comprised of GPS monitoring and home detention for a period of up to the first 6 months of supervision.

Upon consideration of the entire record, including the September 28, 2015, Violation Report, the sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 12 months of incarceration is appropriate. A 12-month term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

The parties' agreed-upon recommendation of a 48-month term of supervision to follow is also appropriate. Defendant requires the services of the U.S. Probation Office to assist in his transition back into the community upon his release. The Court strongly emphasizes the importance of Defendant fully complying with the conditions of his supervised release following his period of incarceration. Defendant will need to work hard to abide by supervised release conditions, and he

needs to accept responsibility for transitioning back into society by taking advantage of the opportunities and support provided him by his Probation Officer. Further violations, after having served a 12-month term of imprisonment on this violation, will not be looked upon favorably.

Lastly, Defendant has requested that the Court recommend that he be placed at the federal correctional facility located in Lexington, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III.   Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to the violations knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** as follows:

1. Defendant **Joseph Smith, III** be found to have **violated** terms of his supervised release as set forth in the September 28, 2015, Violation Report.

2. Defendant's supervised release be **revoked.**

3. Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **12 months,** with a **48-month term of supervised release to follow** on the same standard and special conditions originally imposed (*see* R. 31, at 3-4),

    a.   except that Special Condition No. 1 should now provide that

> The Defendant shall participate in a substance abuse treatment program at the direction and discretion of the Probation Office, which program may include inpatient treatment, outpatient treatment or a combination of treatment options, and shall submit to periodic drug

and alcohol testing at the direction and discretion of the Probation Officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. The Defendant shall pay for the cost of treatment services to the extent he is able as determined by the Probation Officer.

b.  and with the additional Special Condition that

For a period of up to the first 6 months following Defendant's release from incarceration, at the direction and discretion of the Probation Officer, Defendant may be placed on electronic location monitoring in the form of GPS monitoring combined with home detention. If location monitoring with home detention is imposed by the Probation Office following his release from incarceration, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the Probation Officer. Further, if required by the Probation Office, Defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.

4. The District Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility located in Lexington, Kentucky, for service of the sentence imposed.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 24th day of November, 2015.



**Signed By:**
*Candace J. Smith*
**United States Magistrate Judge**

I:\DATA\S.R. violations R&R\06-63-DLB Joseph Smith R&R final.wpd